IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES CAMPBELL, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Crim. Action No. SA-05-CR-141-XR |
| UNITED STATES OF AMERICA, | § § § | Civil Action No. SA-16-CV-623-XR |
| *Defendant*. | § § | |

**ORDER**

On this date the Court considered the Magistrate Judge's Memorandum and Recommendation (docket no. 189) concerning Campbell's Motion to Vacate (docket no. 174), the Movant's objections (docket no. 193), and the Government's Response (docket no. 195).

When a party objects to the Magistrate Judge's report and recommendation, the Court is required to conduct a *de novo* review. However, when no objections are filed, the Court reviews the recommendation to determine whether it is clearly erroneous. Movant has filed objections and therefore the Court has undertaken a de novo review.

On March 16, 2005, Campbell was charged with being a felon in possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was found guilty by a jury (docket no. 110). The court imposed a sentence of 210 months' imprisonment and five years' supervised release (docket no. 127).[1]

---

[1] Defendants convicted of illegally possessing firearms in violation of 18 U.S.C. § 922(g)(1) generally face a ten-year maximum sentence. 18 U.S.C. § 924(a)(2). If, however, a defendant qualifies for the ACCA enhancement, he faces a fifteen-year minimum sentence. *Id*. at § 924(e)(1). The enhancement applies to defendants who have three separate convictions for a "violent felony or a serious drug offense, or both." *Id*. Prior to the application of

Campbell argues that his sentence should be vacated "because his prior robbery convictions do not involve the use, attempted use, or threatened use of force and they do not meet the definition of generic extortion." Accordingly, he claims that his sentence was improperly enhanced by prior convictions found to be a "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), held to be unconstitutional in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 2556, 192 L.Ed.2d 569 (2015).

The Government maintains that the Defendant's sentencing range was properly enhanced on the basis of his prior Texas Robbery by Assault conviction[2] because that offense has as an element the use, attempted use, or threatened use of physical force and thus qualifies as a predicate violent felony under ACCA. As such, the Defendant's sentence was unaffected by *Johnson*.

The Supreme Court in *Johnson* decided whether section 924(e)'s "residual clause" was unconstitutionally vague. The Act defined "violent felony" as follows:

"any crime punishable by imprisonment for a term exceeding one year . . . that—

"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).

"The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. *Johnson* did "not call into question

---

the enhancement, Campbell's criminal history was V and offense level was 20. His guideline range would have been 63-78 months.

[2] Defendant concedes that his two prior Texas burglary convictions are predicate violent felonies under the ACCA.

2

application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. at 2563.

Defendant was convicted of robbery by assault in 1969. The indictment reflects the following:

> That on or about the 4th day of May, 1969 and anterior to the presentment of this indictment, in the County of Bexar and state of Texas, Charles Campbell did then and there unlawfully make and assault in an upon Richard Ayala and did then and there by the said assault, and by violence to the said Richard Ayala and by putting the said Richard Ayala in fear of life and bodily injury fraudulently and without the consent of Richard Ayala take from the person and possession of him, the said Richard Ayala certain property, to wit: lawful money of the United States of America.

The arrest report reflects that on May 4, 1969, the defendant approached the counter at Olmos Theater in San Antonio. The Defendant pointed a .22 caliber revolver at the clerk and ordered the clerk to unlock the cash register and hand the currency to the Defendant. After the clerk handed the Defendant the money from the register, the Defendant fled the theater. He was later apprehended and positively identified by the complainants.

As explained in *United States v. Garza*, No. 2:04-CR-269, 2017 WL 318861 (S.D. Tex. Jan. 23, 2017), there is a split amongst some of the federal district courts in Texas as to whether robbery constitutes a violent felony for ACCA purposes. Noting that the "defining feature of robbery under the Texas statute is the actual or threatened assaultive conduct" *Garza*, 2017 WL 318861, at *2, the *Garza* court utilized the modified categorical approach and found that Garza's robbery conviction qualified as a predicate offense under the "use of force" clause in 924(e). *Garza*, 2017 WL 318861, at *3.

In *Ellingwood v. United States*, after reviewing the defendant's records, the Government stated it was unable to prove that the robbery conviction qualified as a violent felony under ACCA. *Ellingwood v. United States*, No. 4:05CR152(1), 2016 WL 6652769, at *2 (E.D. Tex. Oct. 17, 2016), *report and recommendation adopted*, No. 4:05CR152(1), 2016 WL 6649881 (E.D. Tex. Nov. 10, 2016).

In *United States v. Roman*, the court addressed a factually similar setting to this case (exhibiting a deadly weapon (knife)) and concluded that display of a weapon intends to and does place another in fear of imminent physical injury by communicating an intent to inflict physical harm and thus threatens the use of force. *United States v. Roman*, No. CR H-92-160, 2016 WL 7388388, at *3 (S.D. Tex. Dec. 20, 2016).

The court in *United States v. Fennell* reached the opposite conclusion. In *Fennell*, the court determined that a "robbery offense under section 29.02 of the Texas Penal Code satisfies § 924(e)'s definition of a violent felony only if a conviction for that offense could not be sustained without proof of the use, attempted use, or threatened use of 'violent force—that is, force capable of causing physical pain or injury to another person.'"

The *Fennell* court went on to analyze the elements of section 29.02, restating that: "(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

Thereafter, the *Fennell* court, relying upon *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), concluded that the statutory language for robbery did not allude to

the use of force or make force an implicit or explicit element of the crime. *United States v. Fennell*, No. 3:15-CR-443-L (01), 2016 WL 4491728, at *6 (N.D. Tex. Aug. 25, 2016), *reconsideration denied*, No. 3:15-CR-443-L (01), 2016 WL 4702557 (N.D. Tex. Sept. 8, 2016). The Government has appealed this decision to the Fifth Circuit Court of Appeals. *See* No. 16-11424 (appeal filed November 26, 2016).

In *Fennell*, the court relied upon *Villegas-Hernandez*, a case that interpreted the "crime of violence" enhancement under 18 U.S.C. § 16 (2000).[3] In *Villegas-Hernandez*, the circuit court restated that under the categorical approach the conduct underlying an offense may not be employed to meet the definition of a crime of violence. Accordingly, the facts alleged in the indictment may not be relied upon to establish the enhancement; it may only be relied upon to determine which of several statutorily specified or referenced methods of committing an offense are involved in the case. *Villegas-Hernandez*, 468 F.3d at 883. But the ultimate holding in *Villegas-Hernandez* was that Villegas-Hernandez's conviction for assault was merely a misdemeanor and the enhancement under Subsection 16(b) expressly pertains only to felonies. *Villegas-Hernandez*, 468 F.3d at 883.

This case is also distinguishable from *Villegas-Hernandez* because although assaults can be committed by means not involving the immediate use of force, robbery involves force or the threat of force. As stated by the Texas Court of Criminal Appeals, the "actual or threatened violence to the person antecedent to the robbery is a distinguishing element between 'robbery' and 'theft.'" *Harris v. State*, 118 Tex. Crim. 597, 601, 39 S.W.2d 888, 890 (1931). "Where force is used, the offense is robbery and not theft from the person." *Id*.

---

[3] The term "crime of violence" means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 16.

For the reasons stated above, the Court accepts the Magistrate Judge's recommendation that the motion to vacate be denied. The Defendant's robbery by assault conviction constituted a violent felony for purposes of § 924(e) because the Texas robbery statute has as an element the use, attempted use, or threatened use of physical force against the person of another.

It is so ORDERED.

SIGNED this 19th day of April, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE